**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Christian P. Klein,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

---------------------------------------------------------------X

**ORDER**

**23-CV-00272-JW**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On March 22, 2024, this matter was remanded to the Commissioner of Social Security ("Defendant" or "Commissioner") for further proceedings. Dkt. Nos. 19-20. On June 26, 2024, the Court approved a stipulation and order for the allowance of Plaintiff Christian P. Klein's ("Plaintiff" or "Mr. Klein") counsel's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 25. Under this order, the Commissioner agreed to pay Plaintiff $8,500.00 in attorney's fees. Id. On December 2, 2025, Plaintiff along with Plaintiff's counsel, Daniel A. Osborn ("Petitioner") filed the instant motion for $38,641.78 in attorney's fees pursuant to 42 U.S.C. § 406(b) and an accompanying declaration and memorandum of law. Dkt. Nos. 26-28. On December 22, 2025, the Commissioner responded to say that it "neither supports nor opposes counsel's request for attorney's fees in the amount of *[sic]* under 42 U.S.C. § 406(b)." Dkt. No. 31 ("Comm. Brief") at 1.

## BACKGROUND

### A. Petitioner's Motion for Attorney's Fees

Petitioner filed the instant motion for an award of attorney's fees based on the contingency fee agreement between Plaintiff and Petitioner. Dkt. No. 28 ("Pet. Brief") at 1. This agreement stated that Petitioner would be entitled to attorney's fees for his work performed in Federal Court. Dkt. No. 27-1 ("Fee Agreement") at 1. The amount would be the greater of either the sum awarded pursuant to the EAJA **or,** as requested in the instant motion, "such amount as . . . . may be awarded, pursuant to 42 U.S.C. § 406(b), from any past-due benefits to which [Plaintiff] might be entitled, but not to exceed twenty-five percent (25%) of such past-due benefits." Id. Petitioner seeks an award of $39,641.78, which is equivalent to the total amount withheld by Commissioner based on their general practice of withholding 25% of past due benefits for attorney's fees. Pet. Brief at 2-3 (explaining that SSA "withheld $20,820 from Mr. Klein's past due benefits" and supplemental security income in the amount of $18,821.78" to account for attorney's fees). Petitioner affirms that he spent 34.1 hours on the representation of Plaintiff, which is equivalent to an hourly fee of $1,162.51 per hour. Id. at 4-5.

### B. The Commissioner's Response.

Though the Commissioner "has no direct financial stake in the outcome of Petitioner's motion", the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." Comm. Brief at 1 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002)). The Commissioner does not take a position

as to whether the amount of attorney's fees requested is reasonable but asks that the Court's order specify that amount be paid out in accordance with agency policy. Id. at 2. Furthermore, the Commissioner requests the Court direct Petitioner to reimburse Plaintiff any fees he previously received under the EAJA because "When an attorney receives fees under both the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796." Id.

## LEGAL STANDARD

"Whenever a court renders a judgment favorable to a claimant under [the Social Security Act] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) "calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. at 807. "[T]he district court may reduce the amount called for by the contingency agreement ***only*** when it finds the amount to be unreasonable." Sink v. Comm'r of Soc. Sec., No. 16 Civ. 1094 (NSR) (PED) at Dkt. No. 40, 2020 WL 6827839, at *2 (S.D.N.Y. Nov. 20, 2020) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)) (emphasis added).

"To determine whether a contingency fee is unreasonable, a district court should consider: (i) whether the contingency percentage is within the 25% cap; (ii) whether there has been fraud or overreaching in making the agreement; and (iii) whether the requested amount is so large as to be a windfall to the attorney." Id. (applying Wells).

With respect to the third factor, whether the requested attorney's fees amount to a "windfall," courts consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient" (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Thomas v. Comm'r of Soc. Sec. Admin., No. 23 Civ. 4642 (LJL) (GWG) at Dkt. No. 20, 2024 WL 4942283, at *2 (S.D.N.Y. Dec. 3, 2024) (quoting Fields v. Kijakazi, 24 F.4th 845, 854-55 (2d Cir. 2022)), report and recommendation adopted sub nom. Thomas v. Comm'r of Soc. Sec., No. 23 Civ. 4642 (LJL) at Dkt. No. 21, 2024 WL 5168891 (S.D.N.Y. Dec. 19, 2024).

If a court awards fees under both the EAJA and § 406(b), the attorney must refund the amount of the smaller fee to the claimant. Gisbrecht, 535 U.S. at 796.

## DISCUSSION

The two issues before the Court are (1) whether the § 406(b) motion was timely; and (2) whether the requested fees are reasonable.

**A. Timeliness**

Section 406(b) applications are subject to Federal Rule of Civil Procedure 54(d)(2)(B), which states that a claim for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); see also Sinkler v. Berryhill, 932 F.3d 83, 87-88, 91 ("[W]e conclude . . . that Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions . . . . the fourteen-day filing period [prescribed by Rule 54(d)(2)(B)] starts to run when the claimant receives notice of the benefits calculation." ). Here, Petitioner received the award notices on November 18, 2025. Dkt. No. 27 at ¶¶ 13-15.[1] He then filed the instant motion for attorney's fees 14 days later, on December 2, 2025. Id. Accordingly, Petitioner's motion for attorney's fees was timely.

**B. Reasonableness of the Fees Sought**

Here, the three factors set forth in Wells weigh in favor of a finding that the attorney's fees requested are reasonable.

*First*, the requested fees do not exceed 25% of the past due benefits. Wells, 907 F.2d at 372. The Social Security Administration withheld 25% of Mr. Klein's past due SSI and disability benefits to pay court counsel or representative fees. Pet. Brief

[1] The Notice of Award for Social Security Income was issued on July 18, 2025, and the Notice of Award for disability benefits was issued on October 1, 2025. Dkt. No. 27 at ¶¶ 13-15. Petitioner states that the notices were initially "sent to the offices of Pasternack Tilker. We presume this is because Pasternack Tilker represented Mr. Klein before the Administration, while Osborn Law represented Mr. Klein in this Court." Id. at ¶ 15. Commissioner did not dispute this representation. Comm Brief. The Court cannot verify this representation based on the exhibits submitted but presumes it to be true for the purposes of the timeliness analysis.

at 4-5; see also Dkt. No. 27-5 at 2-3, 38-39 and Dkt. No. 27-6. This translates to $39,641. Id.[2]

*Second*, the Court finds no evidence that the agreement was made through fraud or overreaching. Wells, 907 F.2d at 372. Plaintiff signed the agreement, which plainly states that he agrees to pay Petitioner as much as 25% of any past-due benefits. Fee Agreement at 1; Pet. Brief at 5.

*Third*, the amount requested, $39,641, is not a "windfall". Wells, 907 F. 2d at 372. To make this determination, the Court applies the Fields factors described *supra*. First, Petitioner was efficient in resolving this matter with 34.1 hours of billed attorney work and 3.9 hours of paralegal time, during which he parsed the 1,313 page-long administrative record (filed at Dkt. No. 7) and relevant law to effectively advocate on behalf of his client. Fields at 854. Second, as to the nature and length of Petitioner's representation, Petitioner has represented Plaintiff for over three years, since the beginning of the action in this Court. Dkt. No. 1. This continuous representation weighs in favor of awarding the full fee to Petitioner. Fields at 855. Third, the Plaintiff is presumed to be satisfied because he won his benefits upon remand. Id. at 855. Finally, the fees in this case were contingent because a favorable result for Plaintiff was uncertain, and "success of the claim was far from a sure thing." Id. at 855-56. Finally, the imputed hourly rate of $1,162.52 is wholly reasonable

[2] The Court notes that the email notifying Petitioner of the awards states "SSI - Back bay $73,287.13 - attorney fee is $18,821.78." Dkt. No. 27-6. The Court believes this is a typographical error and should read "Back **p**ay $7**5**,287.13". According to the notice of award sent to Mr. Klein, his total SSI back payments amounted to $75,287.13, 25% of which is $18,821.78. Dkt. No. 27-5 at 2-3.

based on other social security fee awards in this Circuit. The Court in Fields found that an hourly rate of $1,556.98 was "not such an outlier", citing several instances in the Circuit of courts granting fees with de facto hourly rates ranging from $1,289.06 to $2,100. Id. at 856, n. 10.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Attorney's Fees is **GRANTED**. Petitioner is awarded $39,641 in attorney's fees, to be paid out in accordance with agency policy. Petitioner is ordered, within five business days of receipt of the attorney's fees pursuant to § 406(b) to refund the EAJA fee to Plaintiff and file a declaration on the docket confirming the refund.

**The Clerk of Court is respectfully requested to close Dkt. No. 26.**

SO ORDERED.

DATED: New York, New York
September 25, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge